IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRED JAMES ALLEN, FA-7141, )
    Petitioner, )
)
    v. ) 2:12-cv-1000
)
JEFFREY BEARD, )
    Respondent. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the respondent's Motions to Dismiss (ECF. 11 and 13) be granted and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Fred James Allen, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. The Respondent now moves to dismiss on the grounds that the petition is time barred.

Allen is presently serving a fifteen to thirty year sentence imposed following his conviction, by a jury, of three counts of aggravated assault at No.CP-02-CR-3894-2000 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on June 24, 2002.[1]

A timely appeal was filed.[2] However, on April 16, 2003 while the appeal was pending petitioner entered a guilty plea to other pending criminal charges. As a result of that plea, on that same date the trial court modified the petitioner's prior sentencing to a ten to twenty year period of incarceration.[3] On May 12, 2003, the Commonwealth filed an appeal to the Superior Court from the modification of sentence.[4] On August 26, 2004, the Superior Court vacated the

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Motion to Dismiss at ¶ 4 and Exhibit 1 thereto at p.9.
[3] See: Motion to Dismiss at ¶ 6.
[4] Id. and Exhibit 1 to the Motion at p.11.

1

amended sentence and reinstated the original sentence. It its Memorandum, the Superior Court wrote:

> During the April 16, 2003, proceeding, the trial judge noted that the original sentence was the result of a clerical error, and that he had instead intended for the second and third counts of aggravated assault to run concurrently instead of consecutively. The Commonwealth contends, however, that the trial judge's intentions were made clear at the June 24, 2002 proceeding. The Commonwealth argues that a review of this proceeding, as well as the applicable law, reveals that the court's actions were an impermissible alteration of the original sentence rather than a correction of a clerical error.
>
> A court may modify any order within thirty days after its entry if no appeal has been taken… After an appeal is taken, Rule 1701 of the Pennsylvania Rules of Appellate Procedure states that the trial court generally may not proceed further in the matter… A trial court, may however, grant reconsideration of the order after an appeal has been taken if an application for reconsideration and an order expressly granting reconsideration are filed in the trial court within the time prescribed by the rules…
>
> In the present case, Appellee had filed an appeal from the June 24, 2002, sentence, which was pending at the time of the April 16, 2003 proceeding. Further, the action taken by the trial court on April 16, 2003 was well beyond the thirty day time period for modification or reconsideration of the June 24, 2002, sentence.
>
> The trial court opinion relies on the court's inherent ability "to correct obvious and patent mistakes" after the expiration of the thirty day appeal period… The alleged mistake, however, was not obvious and patent. At the sentencing hearing, the judge stated:
>
>> The following sentence will be imposed: At count 1, 3, and 5, at each of those – we'll start with count 1. Sentence of not less than 60, nor more than 120 months is imposed. At count 3, sentence of not less than 60, nor more than 120 months is imposed consecutively to the sentence at Count 1; and at Count 5, a sentence of not less than 60, nor more than 120 months is imposed consecutively to the sentence at Count 3 … A sentence in the aggregate is not less than 182, nor more than 360 months.
>
> By adding the individual terms of the sentence together, the judge made his intention to sentence Appellee to consecutive sentences for an aggregate term of 15 to 30 years. No obvious clerical error or patent mistake is evident. Thus, at the time the trial court acted to modify the sentence months later, it was divested of its authority, and erred in amending Appellee's sentence at the later proceeding.

Accordingly, the original sentence was reinstated. Thus, the issue of the appropriate sentence was resolved on August 26, 2004.[5]

As the Commonwealth recites, the petitioner's direct appeal rights were reinstated, on January 10, 2007, the judgment of sentence was affirmed and relief was not sought in the Pennsylvania Supreme Court.[6] Thus, Allen's conviction became final on February 9, 2007 when the time in which to seek relief in the Pennsylvania Supreme Court expired. Rule 1113, Pa.R.App.P.

Allen then sought post-conviction relief by filing a post-conviction petition on October 15. 2007 or 248 days after his conviction became final.[7] Relief was denied on February 16, 2010 and on February 1, 2011, the Superior Court affirmed the denial of post-conviction relief.[8] On July 12, 2011, leave to appeal was denied by the Pennsylvania Supreme Court.[9]

In the instant petition executed on July 10, 2012, Allen raises the following issue:

[P]etitioner asks that the Court grant the following relief:

Vacate Judgment of Sentence dated June 24, 2002 and Reinstate Judgment of Sentence dated 4/16/03.[10]

That is, the petitioner is seeking a ruling from this Court that the Superior Court committed Constitutional error when as a matter of state law it concluded that the trial judge was without authority to modify Allen's original sentence.

The instant petition is subject to dismissal on two grounds.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[5] See: Exhibit 4 to the motion. Although the petitioner suggests in ¶ 9(g) that he sought further relief from the Pennsylvania Supreme Court, the Docket Sheet of the Superior Court at No. 873 WDA 2003 contains no such information.
[6] See: Motion at ¶¶7-11, and Exhibit 2 to the motion at p.4.
[7] See: Exhibit 1 to the motion at p.17.
[8] See: Exhibit 1 to the motion at pp.22 and 23.
[9] See: Exhibit 3 to the motion.
[10] See: Petition at page 16. The petitioner does not set forth any other grounds as required in ¶ 12 of the petition.

3

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, the judgment of sentence was affirmed on January 10, 2007 and since leave to appeal to the Pennsylvania Supreme Court was not sought, the conviction became final on February 9, 2007 when the time in which to seek such leave expired. Gonzalez v. Thaler, U.S. (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until October 15, 2007 or over eight months after he could have done so. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on February 1, 2011 and leave to appeal to the Pennsylvania Supreme Court was denied on July 12, 2011. The instant petition was executed on July 10, 2012 or almost a year after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred and no showing is made of an equitable basis for not imposing this requirement.

Additionally we observe that in the instant petition Allen seeks to challenge the reinstatement of his original sentence by the Superior Court. This matter as detailed above was decided strictly as a matter of state law and for this reason is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Thus, the instant petition is time barred and the issue he seeks to raise here has been decided on state law grounds. For these reasons, the petitioner has failed to

demonstrate that his conviction and sentence were secured in a manner that was contrary to clearly established federal law or involved and unreasonable application of clearly established federal law as required by 28 U.S.C. §2254(d)(1) and he is not entitled to relief here. Accordingly, it is recommended that the petition of Fred James Allen for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

      Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: September 21, 2012                United States Magistrate Judge